UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80454-CIV-MARRA

JACK T. KRAUSER, D.M.D., an individual,

Plaintiff,

vs.

BIOHORIZONS, INC. a Delaware corporation,
BIOLOK INTERNATIONAL, INC., a Delaware
corporation and BIOHORIZONS IMPLANT
SYSTEMS, INC., a Delaware corporation,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss Amended Complaint

(DE 17).  The motion is fully briefed and ripe for review.  The Court has carefully considered the

motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Dr. Jack T. Krauser ("Plaintiff") brings this Amended Complaint for Declaratory

Relief against Defendants Biohorizons, Inc., Biolok International, Inc. and Biohorizons Implant

Systems, Inc. (collectively, "Defendants").  According to the allegations of the Amended

Complaint, Plaintiff, a periodontist, conceived of a new type of dental implant system containing

a longitudinally grooved cylindrical surface, a buttress thread screw and related abutments,

components and tolling (the "dental implant system").  (Am. Compl. ¶ 15.)  Plaintiff received a

patent (hereinafter, "Patent '476") for the device on May 31, 1994. (Am. Compl. ¶ 24; Patent

'476, Ex. E.)

Plaintiff's dental implant system is currently known as the BioHorizons Tapered Internal Implant System, including, without limitation, the tapered Laser-Lok and the mountless TLX series. (Am. Compl. ¶ 22.)  Plaintiff alleges that the predecessor company to Defendant BioLock International, Inc. misappropriated Plaintiff's ideas in the 1988-2003 time frame by incorporating them into Defendant BioLock International, Inc.'s dental implant system, regulatory filings with the Food and Drug Administration and patents.[1] (Am. Compl. ¶¶ 18-30.)

In 1993 and 1994, Plaintiff initiated two separate lawsuits against Defendant BioLock International, Inc.'s predecessor, which were eventually resolved (after two bankruptcy petitions by Defendant BioLock International, Inc.'s predecessor) pursuant to a May 28, 1996 Settlement Agreement. (Am. Compl. ¶¶ 26, 27, 32-38.)  On or about October 16, 1996, the parties entered into another settlement agreement.[2] (Am. Compl. ¶ 39; October 16, 1996 Settlement Agreement, Ex. H.)  The October 16, 1996 Settlement Agreement provides, in pertinent part:

> Dr. Krauser has filed proofs of claims and amendments thereto in the respective bankruptcies filed by [the Defendants] asserting unliquidated pre-petition damage claims as well as ownership rights in the dental implant system currently being manufactured by the [Defendants].  In order to resolve all prepetition claims of Krauser against the [Defendants] . . . Krauser's existing claims shall be liquidated, undisputed and allowed as general unsecured claims against the [Defendants'] bankruptcy estates in the collective sum of $720,000.00.

> In the event of a default . . . by either or both of the [Defendants], Krauser's conditional license of his Patent shall terminate.  In addition, Krauser shall have the option, but not the obligation, to institute suit against the [Defendants] for money damages and/or a declaration of his rights in and to the dental implant system currently being manufactured by the

___

[1] Plaintiff attaches copies of patents he claims were obtained by Defendant Biolock International, Inc. and were based on his '476 patent. (Am. Compl. ¶¶ 29-30; Patents, Ex. F, attached to Am. Compl.)

[2] The settlement agreement referred to the '476 patent obtained by Plaintiff. (October 16, 1996 settlement agreement, Ex. H.)

> [Defendants], as well as any and all 501(k) filings, related documents and drawings of the [Defendants].

(Am. Compl. ¶ 44; October 16, 1996 Settlement Agreement, Ex. H, ¶¶ 1, 8.)

The Amended Complaint states that Defendants have "continuously failed to timely (a) pay [Plaintiff] amounts due under the Settlement Agreement, (b) provide sales reports and account to him in the manner set forth in the Settlement Agreement and (c) allow him and his accountants to inspect and conduct an audit of their books and records." (Am. Compl. ¶ 53.)  In moving for a declaratory judgment, Plaintiff requests the Court (a) construe the terms of the October 1996 Settlement Agreement; (b) find that Defendants defaulted under the terms of October 1996 Settlement Agreement; (c) find that Defendants failed to cure their monetary and non-monetary defaults within the applicable time periods set forth in the October 1996 Settlement after Plaintiff provided them with written notice of their defaults; (d) find that the conditional license Plaintiff granted to Defendants under the October 1996 Settlement Agreement to manufacture, use and sell Plaintiff's dental implant system has terminated; (e) find that Plaintiff is the owner of the subject matter set forth in all of Defendants' patents based on Plaintiff's '476 patent, including all the patents in exhibit F to the Amended Complaint; (f) find that Plaintiff is owner of the subject matter set forth in all of Defendants' 501(k) registrations based on his '476 patent; (g) find Plaintiff is the owner of the dental implant system now commercially known as the BioHorizons Tapered Internal Implant System, including, without limitation, the tapered Laser-Lok and the mountless TLX series and (h) award Plaintiff attorney's fees and costs.[3] (Am. Compl. ¶ 72 (a)-(j).)  Lastly, the Amended Complaint alleges that "all

---

[3] The Amended Complaint also sought a declaration that Plaintiff was the inventor of the dental implant system.  Plaintiff's response to the motion, however, states that the claims of

3

conditions precedent to the institution of this action have occurred, been met or otherwise waived." (Am. Compl. ¶ 71.)

In moving to dismiss the Complaint, Defendants argue that the Amended Complaint fails to allege adequately the necessary condition precedent to the commencement of the claim for breach of the settlement agreement. (Mot. at 5.)  Defendants also argue that, to the extent Plaintiff's claims of ownership of the patents, current products or 501(k) regulatory filings stem from Plaintiff's claims of inventorship, that claim must fail. Finally, Defendants contend that the Amended Complaint essentially seeks to rescind the Settlement Agreement but fails to allege the repayment of monies which is a prerequisite for rescission relief.   In response, Plaintiff states that he provided proper notice of the alleged default.  Furthermore, Plaintiff contends that paragraphs one and eight of the October 1996 Settlement Agreement support his claim of ownership rights in the dental implant system and related patents, 501(k) filings, documents and drawings.  With respect to Defendants' argument regarding rescission, Plaintiff states that he does not assert a rescission claim.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

inventorship are withdrawn without prejudice. (Resp. at 3.)

4

Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id.</u> at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

III. Discussion

The Court begins by addressing Defendants' contention that Plaintiff failed to provide proper notice of Defendants' alleged default of the October 1996 settlement agreement. In making this argument, Defendants point to a December 14, 2009 default notice attached to the Amended Complaint and contend that the notice is "conclusory." (Mot. at 5-6.) Defendants also complain that the Amended Complaint fails to allege how, when or why a default occurred and instead simply states that a default occurred. (Mot. at 7.)

Defendants' argument ignores the clear and unambiguous language of the Amended Complaint that alleges all conditions precedent have been performed. (Am. Compl. ¶ 71.) In pleading conditions precedent, the Federal Rules of Civil Procedure require only that conditions precedent be alleged "generally." Fed.R.Civ.P. 9(c). <u>See</u> <u>Fitz-Patrick v. Commonwealth Oil Co.</u>,

5

285 F.2d 726, 729-30 (5th Cir.1960) (sufficient to allege that "all conditions precedent have been performed or have occurred");[4] Atlantic Tech Systems, LLC v. Advanced Lifts & Elevators, Inc., No. 08-81376-CIV, 2009 WL 1211003, at * 2 (S.D. Fla. May 4, 2009) (sufficient to allege all conditions precedent have been met); Thompson v. Kindred Nursing Ctrs. East, LLC, 211 F. Supp. 2d 1345, 1355 (M.D. Fla. 2002) (allegation that "all conditions precedent to the filing of this action have been satisfied or occurred" is sufficient).[5]  The Court therefore concludes that by alleging "all conditions precedent to the institution of this action have occurred, been met or otherwise waived," Plaintiff has sufficiently pled compliance with the notice requirement of the contract. To the extent Defendants wish to challenge the adequacy of the notice of default, they can raise that issue by way of defense.  See Gardens Outdoor, LLC v. Clear Channel Outdoor, Inc., No. 09-80349-CIV, 2009 WL 1809987, at * 2 (S.D. Fla. June 25, 2009) (if the defendant claims not to have received the default letter, it can raise this issue by way of defense); see also Onuss Ortak Nokta Uluslararasi Haberlesme Sistem Servis Bilgisayar Yazilim Danismanlik ve Dis Ticaret Limited Sirketi v. Terminal Exchange, LLC et al., No. 09-80720-CIV-MARRA, 2010 WL 935972, at * 3 (S.D. Fla. Mar. 10, 2010) (the defendants' claim that the plaintiff failed to

---

[4] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[5] In a diversity case, the Court applies Florida law.  See Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132-33 (11th Cir. 2010); Royal Ins. Co. of America v. Whitaker Contracting Corp., 242 F.3d 1035, 1040 (11th Cir. 2001).  However, in deciding procedural matters, such as pleading requirements, the Court must look to federal law. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415 (1996) (federal courts must apply federal procedural law).

fulfill a condition precedent can be raised as an affirmative defense).[6]

Next, the Court will address the parties' dispute regarding Plaintiff's ownership claim over the dental implant system, related patents and 501(k) filings.  According to Plaintiff, his claim of ownership is for the "dental implant system, as well as any all related patents, 501(k) filings, documents and drawings." (Resp. at 5.)  Plaintiff bases his ownership claim upon the language of the October 1996 settlement agreement and 35 U.S.C. § 261 which allows a party to grant, convey or assign an ownership interest in a patent or patent application by a written instrument. (Resp. at 6-7.)  Defendants state that the plain language of the settlement agreement does not assign any ownership rights to Plaintiff.  Defendants also state that the language of the October 1996 settlement agreement clearly refers to the dental implant system in existence in 1996 and not a future dental implant system. (Reply at 7.)

In addressing the language of the October 1996 settlement agreement, the Court observes that settlement agreements are governed by the rules for interpretation of contracts.  In re Chira, 567 F.3d 1307, 1312 (11th Cir. 2009); Resnick v. Uccello Immobilien GMBH, Inc., 227 F.3d 1347, 1350 (11th Cir. 2000); Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985); Hanson v. Maxfield, 23 So. 3d 736 (Fla. Dist. Ct. App. 2009); Cheverie v. Geisser, 783 So. 2d 1115, 1118 (Fla. Dist. Ct. App. 2001).  "Where the contractual language is clear, courts may not indulge in construction or modification and the express terms of the settlement agreement control."  Security Ins. Co. of Hartford v. Puig, 728 So. 2d 292, 294 (Fla. Dist. Ct. App. 1999);

---

[6] The cases cited by Defendants in support of their position address the notice and cure requirements at a different procedural stage of a case and therefore are inapposite (Mot. at 6-7.) See Alliance Metals, Inc. of Atlanta v. Hinely Industries, Inc., 222 F.3d 895, 903-04 (11th Cir. 2000) (summary judgment); Hannon Elec Co. v. United States, 31 Fed. Cl. 135 (Fed. Cl. 1994) (trial).

see O'Neill v. Scher, 997 So. 2d 1205, 1207 (Fla. Dist. Ct. App. 2008) (same); Commercial

Capital Resources, LLC v. Giovannetti, 955 So. 2d 1151, 1153 (Fla. Dist. Ct.  App. 2007)

(same).  Plaintiff relies upon the following contractual language to support his ownership claim:

> Dr. Krauser has filed proofs of claims and amendments thereto in the respective
> bankruptcies filed by [the Defendants] asserting unliquidated pre-petition damage claims
> as well as **ownership rights in the dental implant system currently being
> manufactured by the [Defendants].**  In order to resolve all prepetition claims of Krauser
> against the [Defendants] . . . Krauser's existing claims shall be liquidated, **undisputed**
> and allowed as general unsecured claims against the [Defendants'] bankruptcy estates in
> the collective sum of $720,000.00.
>
> In the event of a default . . . by either or both of the [Defendants], Krauser's conditional
> license of his Patent shall terminate.  In addition, Krauser shall have the option, but not
> the obligation, to institute suit against the [Defendants] for money damages and/or **a
> declaration of his rights in and to the dental implant system currently being
> manufactured by the [Defendants], as well as any and all 501(k) filings, related
> documents and drawings of the [Defendants].**

(Am. Compl. ¶ 44, October 16, 1996 Settlement Agreement, Ex. H, ¶ ¶ 1, 8.) (emphasis added).[7]

Defendants argue that the language "currently being manufactured" refers to the dental

implant system that was being manufactured at the time the October 1996 settlement agreement

was executed whereas Plaintiff contends that "currently being manufactured" means any dental

implant system manufactured by Defendants at the time of default. Even assuming for the

purposes of this motion that Defendants' position is the correct one, the Court finds that Plaintiff

may still go forward with his claim and is entitled to a declaration of what "currently being

manufactured" means.

In so finding, the Court observes that there are factual questions regarding which dental

implant system was "currently being manufactured" at the time the parties executed the October

---

[7] The Court emphasizes the portions of the settlement agreement upon which Plaintiff relies.

8

1996 settlement agreement and whether that is the system which Defendants used at the time of the alleged default.  Although Defendants point to the patents attached to the Amended Complaint as evidence that the dental implant system manufactured today is different from the dental implant system manufactured at the time of execution of the October 1996 settlement agreement,[8] the Court does not believe the record is sufficiently developed to resolve this issue on a motion to dismiss.

Lastly, according to Defendants, the Amended Complaint seeks to rescind the settlement agreement by causing the license of certain rights in the '476 patent to revert to Plaintiff. Defendants point out, however, that Plaintiff has failed to plead that he has returned the monies paid to Plaintiff under the settlement agreement, which is a prerequisite to a rescission action. (Mot. at 13.)  In response, Plaintiff states that he did not plead a rescission claim.  (Resp. at 8.) Based on this representation by Plaintiff, the Court will not dismiss Plaintiff's claim for declaratory relief.[9]

_____

[8] Specifically, Defendants state "it is plain from the quoted language that the parties were talking about the dental implant system in 1996 (i.e., 'the dental implant system currently manufactured by the [Defendants]') that [Plaintiff] accused of infringing the '476 patent - not some future dental implant system marketed 15 years later that bears not even the faintest resemblance to the threadless implant with longitudinal grooves that was the subject of the '476 patent." (Reply at 7) (emphasis omitted). Defendants also state that the documents attached to the Amended Complaint demonstrate that the '476 patent is "directed to a threadless implant having longitudinal grooves" whereas Defendant BioLock International, Inc's patents are "directed to threaded implants that do not have longitudinal grooves." (Reply at 6) (emphasis omitted.)  In other words, Defendants appear to be arguing that the Court should make this determination solely by a comparison of the different patents.

[9] The Court also notes that it is not appropriate at the motion to dismiss stage to sort out the type of damages that can be awarded.  See, e.g., Lewellyn v. Sarasota County School Bd., No. 8:07-cv-1712-T-33TGW, 2009 WL 1515737, at * 7 (M.D. Fla. June 1, 2009) (declining to strike request for punitive damages at the motion to dismiss stage); Lady Di Fishing Team, LLC v. Brunswick Corp., No. 3:07-cv-402-J-33TEM, 2007 WL 3202715, at * 9 (M.D. Fla. Oct. 29,

IV. Conclusion

_____Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Amended Complaint (DE 17) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is granted leave to amend to file a complaint that reflects his representation that his claims for inventorship are withdrawn without prejudice.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of September, 2010.

_____
KENNETH A. MARRA
United States District Judge

---

2007) (denying without prejudice motion to strike the plaintiff's claim for incidental and consequential damages at the motion to dismiss stage).