UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach)

Case No. 10-CV-80454-MARRA/HOPKINS

JACK T. KRAUSER, D.M.D., an individual,

    Plaintiff,

v.

BIOHORIZONS, INC., a Delaware corporation,
BIOLOK INTERNATIONAL, INC., a Delaware
corporation, and BIOHORIZONS IMPLANT
SYSTEMS, INC., a Delaware corporation,

    Defendants.
_____/

**PLAINTIFF'S, JACK T. KRAUSER, D.M.D., AND NON-PARTY'S,
JACK T. KRAUSER, D.M.D., P.A., MOTION TO DISSOLVE WRIT OF
GARNISHMENT AS TO GARNISHEE, WELLS FARGO BANK, N.A.,
AND INCORPORATED MEMORANDUM OF LAW**

The Plaintiff, Jack T. Krauser, D.M.D., an individual, and the non-party, Jack T. Krauser, D.M.D., P.A., a Florida corporation, pursuant to Florida Statutes § 77.16 and § 77.041, and based on the facts set forth in the Affidavit (DE 245) and sworn Claim of Exemption and Request for Hearing (DE 246) they filed in this action, move the court for the entry of an order dissolving the Writ of Garnishment (DE 221) the Clerk of Court issued to the Garnishee, Wells Fargo Bank, N.A. ("Wells Fargo"), and request an expedited jury trial and/or evidentiary hearing in this matter, as provided under applicable law, and as grounds therefor state:

*INTRODUCTION*

1.    On March 31, 2014, the court entered its Judgment (DE 216) against Jack T. Krauser, D.M.D., an individual.

2. On April 16, 2014, the Defendants filed their Motion for Writ of Garnishment (DE 220) as to Wells Fargo. That same day, the Clerk of Court issued the Writ of Garnishment (DE 221) and the Defendants served the Writ of Garnishment on Wells Fargo (DE 239).

3. Inasmuch as the court had entered the judgment against the individual, Jack T. Krauser, D.M.D., both the Motion for Writ of Garnishment and the Writ of Garnishment itself referenced the individual, Jack T. Krauser, D.M.D., as the judgment debtor.

4. On April 23, 2014, Wells Fargo filed its Answer (DE 227) to the Writ of Garnishment.

5. In its Answer, Wells Fargo referenced three (3) separate accounts, each of which it has frozen in response to the Writ.

## THE WRIT OF GARNISHMENT SHOULD BE DISSOLVED UNDER FLORIDA STATUTES § 77.16

6. While the individual, Jack T. Krauser, D.M.D., is an owner of two of the accounts referenced in Wells Fargo's Answer, he is not an owner of the third account referenced in the Answer.

7. In particular, the account Wells Fargo referenced in Paragraph 1(B) of its Answer is a *business* checking account held and owned solely by the non-party Florida corporation, Jack T. Krauser, D.M.D., P.A., under its unique Tax Identification Number, with an account number ending in 6155. That account is *not* held in the name of "Jack T. Krauser, D.M.D.," as Wells Fargo erroneously asserts. It is held in the name of "Jack T. Krauser, D.M.D., P.A.," as sole owner. The individuals, Jack T. Krauser and Sheila Krauser, are the two authorized signers on the account, but neither one of them has any ownership interest in the account. Wells Fargo's own records confirm all of the foregoing. (DE 245, ¶¶ 2-5, Ex. 1).

8. The Florida corporation, Jack T. Krauser, D.M.D., P.A., is not liable on the subject judgment and its assets cannot be attached by the subject judgment or garnishment.

9. In accordance with Florida Statutes § 77.16(1), the non-party claimant, Jack T. Krauser, D.M.D., P.A., has filed an Affidavit (DE 245) wherein it claims that (a) the debt due by Wells Fargo by way of the account referenced in Paragraph 1(B) of its Answer is due to Jack T. Krauser, D.M.D., P.A., and not to the judgment debtor, Jack T. Krauser, D.M.D., an individual, and (b) the property in the possession of Wells Fargo by way of the account referenced in Paragraph 1(B) of its Answer is the property of Jack T. Krauser, D.M.D., P.A., and not the judgment debtor, Jack T. Krauser, D.M.D., an individual.  (DE 245, ¶ 6).

10. Florida Statutes § 77.16(1) provides:

**77.16. Claims by third persons to garnisheed property.**

(1) If any person other than defendant [or, in this case, plaintiff] claims that the debt due by a garnishee is due to that person and not to defendant [in this case, plaintiff], or that the property in the hands or possession of any garnishee is that person's property and shall make an affidavit to the effect, *the court shall impanel a jury to determine the right of property* between the claimant and plaintiff [in this case, defendants] unless a jury is waived. [emphasis added]

11. Inasmuch as the non-party claimant, Jack T. Krauser, D.M.D., P.A., has complied with the requirements of Florida Statutes § 77.16(1), it is entitled to a jury trial against the Defendants to determine the right of the property Wells Fargo is holding in the account referenced in Paragraph 1(B) of its Answer.

### *THE WRIT OF GARNISHMENT SHOULD BE DISSOLVED UNDER FLORIDA STATUTES § 77.041*

12. In accordance with Florida Statutes § 77.041, the Plaintiff, Jack T. Krauser, D.M.D., filed a Claim of Exemption and Request for Hearing (DE 246) wherein he claims

3

exemptions from garnishment for (a) head-of-family wages and (b) the account Wells Fargo referenced in Paragraph 1(B) of its Answer (to the extent he can claim an exemption for that account, given he is not an owner of that account).  (DE 246 ¶¶ 1(b), 12).

13. Florida Statutes § 77.041(3) provides:

> **77.041. Notice to individual defendant [plaintiff] for claim of exemption from garnishment; procedure for hearing.…**
>
> (3) Upon the filing by a defendant [in this case, plaintiff] of a sworn claim of exemption and request for hearing, *a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions*.  If the plaintiff [defendants] or the plaintiff's [defendants'] attorney does not file a sworn written statement that answers the defendant's [plaintiff's] claim of exemption within 8 business days after hand delivering the claim and request or, alternatively, 14 business days if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail. [emphasis added]

14. Inasmuch as the Plaintiff, Jack T. Krauser, D.M.D., has complied with the requirements of Florida Statutes § 77.041, he is entitled to an evidentiary hearing to determine the validity of his claimed exemptions.

WHEREFORE, the Plaintiff, Jack T. Krauser, D.M.D., an individual, and the non-party, Jack T. Krauser, D.M.D., P.A., a Florida corporation, request that the court enter an order dissolving the Writ of Garnishment the Clerk of Court issued to Wells Fargo Bank, N.A., request an expedited jury trial and/or evidentiary hearing in this matter and grant such other and further relief as the court deems just and proper.

### *CERTIFICATE OF GOOD FAITH CONFERENCE*

Pursuant to this court's Local Rule 7.1(a)(3), the movants' undersigned attorney certifies he has conferred with the Defendants' attorneys in a good faith effort to resolve the issues raised in this motion, but has been unable to do so.

4

Date:   May 1, 2014         Respectfully submitted,

SHAPIRO, FISHMAN & GACHÉ, LLP
*Attorneys for the Plaintiff and the*
*Non-Party, Jack T. Krauser, D.M.D., P.A.*
2424 North Federal Highway, Suite 360
Boca Raton, FL  33431
561-287-5599 (phone)
561-287-5589 (fax)

By: /s/  Ronald M. Gaché, Esq.
       Ronald M. Gaché, Esq.
       Florida Bar No. 699306
       rgache@logs.com
       Scott A. Simon, Esq.
       Florida Bar No. 0088676
       ssimon@logs.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by either electronic delivery or U.S. mail on all counsel or parties of record on the following service list on May 1, 2014.

By: /s/  Ronald M. Gaché, Esq.
       Ronald M. Gaché, Esq.

## SERVICE LIST
## Case No. 10-CV-80454-MARRA/HOPKINS

**Gary A. Woodfield, Esq.**
gwoodfield@haileshaw.com
HAILE, SHAW & PFAFFENBERGER
*Attorneys for the Defendants*
660 U.S. Highway One, Third Floor
North Palm Beach, Florida  33408
561-627-8100 (phone)
561-622-7603 (fax)

**Richard Gervase, Esq.**
rgervase@mintz.com
**Seth Goldman, Esq.**
srgoldman@mintz.com
**Timur E. Slonim, Esq.**
tslonim@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO
*Attorneys for the Defendants*
666 Third Avenue
New York, New York  10017
212-935-3000 (phone)

**Christopher Neil Sipes, Esq.**
csipes@cov.com
**Michael N. Kennedy, Esq.**
mkennedy@cov.com
**Joseph Scott St. John, Esq.**
sstjohn@cov.com
COVINGTON & BURLING LLP
*Attorneys for the Defendants*
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-662-6000 (phone)

**John B. Kent, Esq.**
jkent@marksgray.com
MARKS GRAY, P.A.
*Attorneys for the Garnishee, Wells Fargo Bank, N.A.*
P.O. Box 447
Jacksonville, FL  32201
904-398-0900 (phone)