UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach)

Case No. 10-CV-80454-MARRA/HOPKINS

JACK T. KRAUSER, D.M.D., an individual,

    Plaintiff,

v.

BIOHORIZONS, INC., a Delaware corporation,
BIOLOK INTERNATIONAL, INC., a Delaware
corporation, and BIOHORIZONS IMPLANT
SYSTEMS, INC., a Delaware corporation,

    Defendants,

v.

WELLS FARGO BANK, N.A.,

    Garnishee.
_____/

## PLAINTIFF'S, JACK T. KRAUSER, D.M.D., RESPONSE TO ENDORSED ORDER (DE 305)

The Plaintiff, Jack T. Krauser, D.M.D., an individual ("Dr. Krauser"), by and through his undersigned attorneys, hereby responds to the court's Endorsed Order (DE 305) directing him to set forth his objections to the entry of a final judgment in garnishment on his two personal accounts referenced in the Garnishee's, Wells Fargo Bank, N.A. ("Wells Fargo"), Answer (DE 227) and Amended Answer (DE 252), and states:

1. On October 1, 2012, the court entered its Opinion and Order (DE 169) and Judgment (DE 170) (collectively, the "Summary Judgment") in favor of the Defendants and against Dr. Krauser on the Defendants' Corrected Motion for Summary Judgment.[1]

2. On March 31, 2014, the court entered its Judgment (DE 216) for fees against Dr. Krauser.[2]

3. On April 16, 2014, the Defendants filed their Motion for Writ of Garnishment (DE 220) against Wells Fargo. That same day, the Clerk of Court issued the Writ (DE 221) and the Defendants served the Writ on Wells Fargo (DE 239).

4. On April 23, 2014, Wells Fargo filed its Answer (DE 227) and, on May 2, 2014, it filed its Amended Answer (DE 252) to the Writ of Garnishment.

5. In its Answer and Amended Answer, Wells Fargo referenced three (3) separate accounts, each of which it has frozen in response to the Writ. Dr. Krauser is the sole owner of two of those accounts, *i.e.*, the accounts referenced in Paragraphs 1(A) and 1(C) of Wells Fargo's Answer. The non-party Florida corporation, Jack T. Krauser, D.M.D., P.A. (the "Krauser PA"), is the sole owner of the third account, *i.e.*, the account referenced in Paragraph 1(B) of Wells Fargo's Answer.

6. On April 29, 2014, in accordance with Florida Statutes § 77.041, Dr. Krauser filed his Claim of Exemption and Request for Hearing (DE 246) wherein he claimed exemptions from garnishment for (a) head-of-family wages in his two personal accounts at Wells Fargo and (b)

---

[1] The Summary Judgment is currently on appeal at the Federal Circuit Court of Appeals, Appeal No. 2013-1461.

[2] The Judgment for fees is currently on appeal at the Eleventh Circuit Court of Appeals, Appeal No. 14-11677.

the Krauser PA's entire business account at Wells Fargo (to the extent he could claim an exemption for that account, given he is not an owner of that account). (DE 246 ¶¶ 1(b), 12).

7. Thereafter, the Defendants filed their Objection (DE 302) and Supplemental Objection (DE 303) to Dr. Krauser's Claim of Exemption.

8. On May 22, 2014, the court entered its Endorsed Order (DE 305) directing Dr. Krauser to set forth his objections to the entry of final judgment in garnishment on his two personal accounts at Wells Fargo.

9. Upon further review of those two accounts, Dr. Krauser has determined that only the account referenced in Paragraph 1(A) of Wells Fargo's Answer, *i.e.*, account no. XXXXXX1831 in the sum of $5,004.71, contains his head-of-family wages.

10. As such, Dr. Krauser does not object to the entry of final judgment in garnishment as to the other account referenced in Paragraph 1(C) of Wells Fargo's Answer, *i.e.*, account no. XXXXXX7927 in the sum of $.04, which does not contain any head-of-family wages.

11. However, while Dr. Krauser maintains his claim to head-of-family wages in the account referenced in Paragraph 1(A), account no. XXXXXX1831, he has made a business decision that, given the balance in that particular account and the likelihood that the court's underlying Summary Judgment in this case will be reversed, he will not oppose the entry of a final judgment in garnishment of that account too, thereby saving him and his attorneys the time and expense of defending the garnishment of that account, or at least his head-of-family wages deposited therein.

12. Accordingly, Dr. Krauser, without waiver of any rights, claims, defenses or claimed exemptions he might have as to any other garnishment or account in this matter (including, without limitation, the account referenced in Paragraph 1(B) of Wells Fargo's

Answer), hereby consents to the entry a final judgment in garnishment as to his two personal accounts at Wells Fargo referenced in Paragraphs 1(A) and 1(C) of its Answer, thereby concluding this garnishment proceeding as to those two accounts.

13.     That all said, on or about May 6, 2014, the Defendants served Dr. Krauser, the Krauser PA and Wells Fargo with separate requests for production of documents pertaining to all three accounts referenced in Wells Fargo's Answer, including requests for four (4) years of account statements, deposit records, withdrawal records, copies of checks (front and back), *etc.*, for his two personal accounts.

14.     However, based on the court's anticipated entry of a final judgment in garnishment as to Dr. Krauser's two personal accounts, the documents the Defendants are requesting as to those two accounts are no longer relevant to any issue in this garnishment proceeding.

15.     Accordingly, Dr. Krauser and the Krauser PA (which Dr. Krauser's undersigned attorneys also represent) will be filing appropriate objections to the Defendants' requests for documents related to those two accounts.

16.     Moreover, to the extent Wells Fargo intends to produce any documents related to those two accounts, notwithstanding the court's entry of a final judgment as to those accounts, Dr. Krauser intends to file a motion for a protective order as to Wells Fargo's production of such documents on the grounds that the Defendants' request for such documents is completely irrelevant to this garnishment proceeding, not reasonably calculated to lead to the discovery of admissible evidence, seeks confidential information, constitutes harassment and is an otherwise impermissible discovery request.

17. To that end, promptly after the filing of this response, Dr. Krauser will attempt to confer with Wells Fargo's attorneys to determine if, in fact, Wells Fargo might still respond to the Defendants' requests for documents related to his two personal accounts, notwithstanding the forthcoming entry of a final judgment against those accounts.

18. If so, Dr. Krauser will then prepare and, if necessary, file his motion for an appropriate protective order prior to the date by which Wells Fargo is required to respond to the Defendants' document requests, currently June 9, 2014.

19. At this juncture, after the court enters its final judgment in garnishment as to Dr. Krauser's two personal accounts, the *only* remaining issue to be decided in this garnishment proceeding will be whether the Plaintiff, Dr. Krauser, individually, owns the business account referenced in Paragraph 1(B) of Wells Fargo's Answer (he does not) or the Krauser PA owns that account (it does). If the court ultimately determines the Krauser PA owns that account, Wells Fargo has improperly garnished it and should be ordered to promptly release it back to the Krauser PA.

20. Based on the foregoing points, Dr. Krauser, without waiver of any rights, claims, defenses or claimed exemptions, consents to the entry of a final judgment in garnishment as to his two personal accounts at Wells Fargo.

Date:   May 27, 2014					Respectfully submitted,

							SHAPIRO, FISHMAN & GACHÉ, LLP
							*Attorneys for the Plaintiff*
							2424 North Federal Highway, Suite 360
							Boca Raton, FL  33431
							561-287-5599 (phone)
							561-287-5589 (fax)

							By: /s/  Scott A. Simon, Esq.
								Ronald M. Gaché, Esq.
								Florida Bar No. 699306
								rgache@logs.com
								Scott A. Simon, Esq.
								Florida Bar No. 0088676
								ssimon@logs.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by either electronic delivery or U.S. mail on all counsel or parties of record on the following service list on May 27, 2014.

							By: /s/  Scott A. Simon, Esq.
								Scott A. Simon, Esq.

## SERVICE LIST
## Case No. 10-CV-80454-MARRA/HOPKINS

**Gary A. Woodfield, Esq.**
gwoodfield@haileshaw.com
HAILE, SHAW & PFAFFENBERGER
*Attorneys for the Defendants*
660 U.S. Highway One, Third Floor
North Palm Beach, FL  33408
561-627-8100 (phone)
561-622-7603 (fax)

**Richard Gervase, Esq.**
rgervase@mintz.com
**Seth Goldman, Esq.**
srgoldman@mintz.com
**Timur E. Slonim, Esq.**
tslonim@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO
*Attorneys for the Defendants*
666 Third Avenue
New York, NY  10017
212-935-3000 (phone)

**Christopher Neil Sipes, Esq.**
csipes@cov.com
**Michael N. Kennedy, Esq.**
mkennedy@cov.com
**Joseph Scott St. John, Esq.**
sstjohn@cov.com
COVINGTON & BURLING LLP
*Attorneys for the Defendants*
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-662-6000 (phone)

**John B. Kent, Esq.**
jkent@marksgray.com
MARKS GRAY, P.A.
*Attorneys for the Garnishee, Wells Fargo Bank, N.A.*
P.O. Box 447
Jacksonville, FL  32201
904-398-0900 (phone)