UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 10-80454-Civ-Marra/Hopkins

JACK T. KRAUSER, D.M.D., an individual,

Plaintiff,

v.

BIOHORIZONS, INC., et al.,

Defendants.
_____________________________________/

FILED by ________ D.C.
MAY 2 8 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

**THIS CAUSE** has come before this Court upon an Order referring Plaintiff's motion to dissolve the writ of garnishment served on Wells Fargo Bank, N.A. (DE 251) to the undersigned for appropriate disposition. (DE 268). This Court has before it Plaintiff's motion to dissolve the writ (DE 251) and Defendants' response (DE 302). This Court **RECOMMENDS** that final judgment be entered as to two accounts referenced in the garnishee's Answer (DE 227).

## BACKGROUND

On October 1, 2012, the District Court granted summary judgment in favor of Defendants on the underlying dispute. (DE 169, 170). Thereafter, on March 31, 2014, the District Court awarded Defendants their fees and costs, and entered judgment against Plaintiff in the amount of $1,706,597.00. (DE 216).

On April 16, 2014, Defendants served a writ of garnishment on Wells Fargo Bank, N.A. (DE 221). On April 23, 2014, Wells Fargo Bank, the garnishee, answered that it had control over three accounts in Plaintiff's name:

(A) One in the amount of $5,004.71;

(B) One in the amount of $683.74; and

(C) One in the amount of four cents ($0.04).

(DE 227).

On April 29, 2014, Plaintiff filed a Claim of Exemption as to the accounts referenced as (A) and (C) above, based on his status as a head of household, and requested a hearing. (DE 246). On May 1, 2014, Plaintiff filed a motion to dissolve the writ (DE 251), asserting that the account referenced above at (B) belonged to his dental practice, a corporate entity, which was not a party to the underlying lawsuit and, thus, could not be held liable as a judgment debtor.

On May 19, 2014, Defendants filed response papers noting that "Debtor has advised that he is not defending the garnishment of the accounts Wells Fargo referenced in paragraphs 1(A) and 1(C) . . . and is agreeing to the entry of a final judgment in garnishment as to those accounts." (DE 302 at page 2).[1] However, the parties continue to dispute the ownership of the account listed in paragraph (B).

## DISCUSSION

Pursuant to the Federal Rules of Civil Procedure, execution of a federal court judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69. Accordingly, Chapter 77 of the Florida States, which addresses the procedure for the issuance and enforcement of writs of garnishment, controls in this case. *See Bernal v. All American Inv. Realty, Inc.*, 2009 WL 586010, *4 (S.D. Fla. Mar. 6, 2009).

[1] Thereafter, Defendants filed supplemental papers advising the Court that Plaintiff did object to the language of the proposed final judgment. (DE 303). The Court directed Plaintiff to specify his objection (DE 305), and Plaintiff responded that he was withdrawing his objections and "will not oppose the entry of a final judgment in garnishment" of the two Wells Fargo accounts that are held by him, individually. (DE 313).

A writ of garnishment may be dissolved on a motion filed within 20 days of service. Fla. Stat. § 77.07. A claim of exemption must also be filed within 20 days of receipt of notice of the writ of garnishment. Fla. Stat. § 77.041. Otherwise, judgment against the garnishee on the garnishee's answer shall be entered for the amount of his or her liability as disclosed by the answer. Fla. Stat. § 77.083.

Here, given that Plaintiff has withdrawn his claimed exemption over the accounts listed in paragraphs 1(A) and 1(C) of the garnishee's Answer, Defendants are entitled to the entry of judgment as to those accounts.

## CONCLUSION

Accordingly, this Court **RECOMMENDS** that the District Court:

1. **GRANT** Defendants' Motion for Judgment of Garnishment (DE 302) regarding the writ served on Wells Fargo Bank, N.A., and **ISSUE JUDGMENT** against garnishee Wells Fargo Bank in the amount of $5,004.75 (representing the combined sums of $5,004.71 held in the account number ending in 1831, and $0.04 held in the account number ending in 7927); and
2. **GRANT** Wells Fargo Bank's motion that a garnishment deposit of $100 be paid to Marks Gray, P.A. (DE 227). *See* Fla. Stat. 77.28.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth A. Marra, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "within fourteen days after being

served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court"); *see also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy."). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** this 28th day of May, 2014, at West Palm Beach in the Southern District of Florida.

James M. Hopkins

JAMES M. HOPKINS
United States Magistrate Judge