## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (West Palm Beach)

### Case No. 10-CV-80454-MARRA/HOPKINS

JACK T. KRAUSER, D.M.D., an individual,

      Plaintiff,

v.

BIOHORIZONS, INC., a Delaware corporation,
BIOLOK INTERNATIONAL, INC., a Delaware
corporation, and BIOHORIZONS IMPLANT
SYSTEMS, INC., a Delaware corporation,

      Defendants,

v.

WELLS FARGO BANK, N.A.,

      Garnishee.

_____/

### PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

      The Plaintiff, Jack T. Krauser, D.M.D., an individual ("Dr. Krauser"), by and through his

undersigned attorneys, hereby files his Motion for Protective Order, and states:

      1.      On October 1, 2012, the court entered its Opinion and Order (DE 169) and

Judgment (DE 170) (collectively, the "Summary Judgment") in favor of the Defendants and

against Dr. Krauser on the Defendants' Corrected Motion for Summary Judgment.[1]

      2.      On March 31, 2014, the court entered its Judgment (DE 216) for fees against Dr.

Krauser.[2]

---

[1] The Summary Judgment is currently on appeal at the Federal Circuit Court of Appeals, Appeal No. 2013-1461.

[2] The Judgment for fees is currently on appeal at the Eleventh Circuit Court of Appeals, Appeal No. 14-11677.

3.      On April 16, 2014, the Defendants filed their Motion for Writ of Garnishment (DE 220) against Wells Fargo Bank, N.A. ("Wells Fargo").  That same day, the Clerk of Court issued the Writ (DE 221) and the Defendants served the Writ on Wells Fargo (DE 239).

4.      On April 23, 2014, Wells Fargo filed its Answer (DE 227) and, on May 2, 2014, it filed its Amended Answer (DE 252) to the Writ of Garnishment.

5.      In its Answer and Amended Answer, Wells Fargo referenced three (3) separate accounts, each of which it has frozen in response to the Writ.  Dr. Krauser is the sole owner of two of those accounts, *i.e.*, the accounts referenced in Paragraphs 1(A) and 1(C) of Wells Fargo's Answer.  The non-party Florida corporation, Jack T. Krauser, D.M.D., P.A. (the "Krauser PA"), is the sole owner of the third account, *i.e.*, the account referenced in Paragraph 1(B) of Wells Fargo's Answer.

6.      On April 29, 2014, in accordance with Florida Statutes § 77.041, Dr. Krauser filed his Claim of Exemption and Request for Hearing (DE 246) wherein he claimed exemptions from garnishment for (a) head-of-family wages in his two personal accounts at Wells Fargo and (b) the Krauser PA's entire business account at Wells Fargo (to the extent he could claim an exemption for that account, given he is not an owner of that account).  (DE 246 ¶¶ 1(b), 12).

7.      Thereafter, the Defendants filed their Objection (DE 302) and Supplemental Objection (DE 303) to Dr. Krauser's Claim of Exemption.

8.      On May 22, 2014, the court entered its Endorsed Order (DE 305) directing Dr. Krauser to set forth his objections to the entry of final judgment in garnishment on his two personal accounts at Wells Fargo.

9.      Upon further review of those two accounts, Dr. Krauser (a) determined that the account referenced in Paragraph 1(C) of Wells Fargo's Answer, *i.e.*, account no. XXXXXX7927 in the sum of $.04, did not contain any of his head-of-family wages and he, therefore, would not

oppose the entry of final judgment in garnishment as to that account and (b) made a business decision that, while the account referenced in Paragraph 1(A) of Wells Fargo's Answer, *i.e.*, account no. XXXXXX1831 in the sum of $5,004.71, did, in fact, contain his head-of-family wages, given the balance in that particular account and the likelihood that the court's underlying Summary Judgment in this case will be reversed (thus, those funds will be returned to him at that time), he would not oppose the entry of a final judgment in garnishment of that account too, thereby saving him and his attorneys the time and expense of defending the garnishment of that account, or at least his head-of-family wages deposited therein.

10.     Accordingly, on May 27, 2014, Dr. Krauser filed his Response (DE 313) to the Endorsed Order, wherein he, without waiver of any rights, claims, defenses or claimed exemptions he might have as to any other garnishment or account in this matter (including, without limitation, the account referenced in Paragraph 1(B) of Wells Fargo's Answer), consented to the entry a final judgment in garnishment as to his two personal accounts at Wells Fargo referenced in Paragraphs 1(A) and 1(C) of its Answer.

11.     Thereafter, on May 28, 2014, Magistrate Judge James M. Hopkins entered his Report and Recommendation (DE 323) wherein he recommended that final judgment in garnishment be entered as to Dr. Krauser's two personal accounts at Wells Fargo.

12.     Thus, Dr. Krauser anticipates that, in the very near future, the court will enter its final judgment in garnishment as to those two accounts, thereby formally concluding this garnishment proceeding as to those two accounts.

13.     At this juncture, after the court enters its final judgment in garnishment as to Dr. Krauser's two personal accounts, the *only* remaining issue to be decided in this garnishment proceeding will be whether the Plaintiff, Dr. Krauser, individually, owns the business account referenced in Paragraph 1(B) of Wells Fargo's Answer (he does not) or the Krauser PA owns

that account (it does).[3]  If the court ultimately determines the Krauser PA owns that account, Wells Fargo has improperly garnished it and should be ordered to promptly release it back to the Krauser PA.

14.    That all said, on or about May 6, 2014, the Defendants had served Dr. Krauser, the Krauser PA and Wells Fargo with separate requests for production of volumes of documents pertaining to all three accounts referenced in Wells Fargo's Answer, including requests for four (4) years of account statements, deposit records, withdrawal records, copies of checks (front and back), *etc.*, for his two personal accounts.  (DE 275-1 (request to Wells Fargo), 275-2 (request to the Krauser PA), 275-3 (request to Dr. Krauser)).

15.    However, based on the court's anticipated entry of its final judgment in garnishment as to Dr. Krauser's two personal accounts, the documents the Defendants are requesting as to those two accounts are no longer relevant to *any issue* in this garnishment proceeding.

16.    In fact, the *only* relevant documents the Defendants have requested from Dr. Krauser, the Krauser PA and Wells Fargo are those pertaining to the ownership of the business account, such as their requests for documents relating to the opening of the account, ownership of the account, tax liability on the account or corporate status of the Krauser PA.

17.    Accordingly, Dr. Krauser and the Krauser PA (which Dr. Krauser's undersigned attorneys also represent) will be filing appropriate objections to the Defendants' requests for

---

[3] In accordance with Florida Statutes § 77.16(1), the Krauser PA, as a non-party claimant, filed an Affidavit (DE 245) wherein it claimed that (a) the debt due by Wells Fargo by way of the account referenced in Paragraph 1(B) of its Answer is due to it, the Krauser PA, and not to the judgment debtor, Dr. Krauser, individually, and (b) the property in the possession of Wells Fargo by way of the account referenced in Paragraph 1(B) of its Answer is the property of it, the Krauser PA, and not of the judgment debtor, Dr. Krauser, individually.  (DE 245, ¶ 6).  Based on the facts set forth in that Affidavit, Dr. Krauser and the Krauser PA have filed their Motion to Dissolve Writ of Garnishment (DE 251, 273).

documents related to Dr. Krauser's two personal accounts over which the court will be entering final judgment in garnishment.

18.    Moreover, to the extent Wells Fargo intends to produce any documents related to those two accounts, notwithstanding the court's entry of a final judgment as to those accounts, Dr. Krauser hereby requests the entry of a protective order as to Wells Fargo's production of such documents on the grounds that the Defendants' request for such documents is completely irrelevant to this garnishment proceeding, not reasonably calculated to lead to the discovery of admissible evidence, seeks confidential information, constitutes harassment and is an otherwise impermissible discovery request.[4]

19.    Under no circumstances would the Defendants need any records of the two personal accounts in order to prepare for a hearing in this proceeding because there will be no hearing as to those two personal accounts – the court's entry of final judgment will end this proceeding as to those accounts.  Nor, for that matter, would the Defendants require any of those personal account records for the hearing on the Krauser PA's claim of ownership of the business account.

WHEREFORE, Dr. Krauser respectfully requests that the court enter a protective order as set forth herein and grant such other and further relief as the court deems just and proper.

---

[4] That is not to say the Defendants could not possibly obtain Dr. Krauser's personal account statements, deposit and withdrawal records, copies of checks, *etc.*, through the normal course of discovery in aid of execution in this case, *e.g.*, by serving Wells Fargo with a subpoena duces tecum.  Dr. Krauser is simply asserting the Defendants cannot properly obtain such discovery from Wells Fargo by serving it with a request for production as a party in this garnishment proceeding.

### *CERTIFICATE OF GOOD FAITH CONFERENCE*

Pursuant to this court's Local Rule 7.1(a)(3), Dr. Krauser's undersigned attorney certifies he has conferred with the Defendants' attorneys and Wells Fargo's attorneys in a good faith effort to resolve the issues raised in this motion, but has been unable to do so.

Date:   June 2, 2014                                              Respectfully submitted,

SHAPIRO, FISHMAN & GACHÉ, LLP
*Attorneys for the Plaintiff*
2424 North Federal Highway, Suite 360
Boca Raton, FL  33431
561-287-5599 (phone)
561-287-5589 (fax)

By: /s/  Scott A. Simon, Esq.
        Ronald M. Gaché, Esq.
        Florida Bar No. 699306
        rgache@logs.com
        Scott A. Simon, Esq.
        Florida Bar No. 0088676
        ssimon@logs.com

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by either electronic delivery or U.S. mail on all counsel or parties of record on the following service list on June 2, 2014.

By: /s/  Scott A. Simon, Esq.
        Scott A. Simon, Esq.

<u>**SERVICE LIST**</u>
**Case No. 10-CV-80454-MARRA/HOPKINS**

**Gary A. Woodfield, Esq.**
gwoodfield@haileshaw.com
HAILE, SHAW & PFAFFENBERGER
*Attorneys for the Defendants*
660 U.S. Highway One, Third Floor
North Palm Beach, FL  33408
561-627-8100 (phone)
561-622-7603 (fax)

**Richard Gervase, Esq.**
rgervase@mintz.com
**Seth Goldman, Esq.**
srgoldman@mintz.com
**Timur E. Slonim, Esq.**
tslonim@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO
*Attorneys for the Defendants*
666 Third Avenue
New York, NY  10017
212-935-3000 (phone)

**Christopher Neil Sipes, Esq.**
csipes@cov.com
**Michael N. Kennedy, Esq.**
mkennedy@cov.com
**Joseph Scott St. John, Esq.**
sstjohn@cov.com
COVINGTON & BURLING LLP
*Attorneys for the Defendants*
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-662-6000 (phone)

**John B. Kent, Esq.**
jkent@marksgray.com
MARKS GRAY, P.A.
*Attorneys for the Garnishee, Wells Fargo Bank, N.A.*
P.O. Box 447
Jacksonville, FL  32201
904-398-0900 (phone)