UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach)

Case No. 10-CV-80454-MARRA/HOPKINS

JACK T. KRAUSER, D.M.D., an individual,

    Plaintiff,

v.

BIOHORIZONS, INC., a Delaware corporation,
BIOLOK INTERNATIONAL, INC., a Delaware
corporation, and BIOHORIZONS IMPLANT
SYSTEMS, INC., a Delaware corporation,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL HIM
TO PRODUCE DOCUMENTS AND ANSWER INTERROGATORIES**

The Plaintiff, Jack T. Krauser, D.M.D. ("Dr. Krauser"), by and through his undersigned attorneys, hereby files his response to the Defendants', BioHorizons, Inc., BioLok International, Inc. and BioHorizons Implant Systems, Inc. (collectively, the "Defendants"), Motion to Compel him to Produce Documents and Answer Interrogatories (the "Motion to Compel") (DE 340), and states:

    1.    Dr. Krauser can only produce those documents over which he has possession, custody or control. If he has no documents, he cannot produce any documents.

    2.    That said, to put it mildly, Dr. Krauser is a poor record-keeper. In fact, he hardly ever writes his own checks, pays his own bills, keeps receipts, holds corporate books, analyzes

his tax returns or generally maintains good records.[1]

3.     Thus, while the Defendants might reasonably conclude that Dr. Krauser "should" or "must" have additional documents to produce in response to the Defendants' document requests, he simply does not.

4.     With regard to Dr. Krauser's dental practice, ever since the formation of the Florida corporation, Jack T. Krauser, D.M.D., P.A. (the "Krauser PA"), in 1998, Dr. Krauser has never operated the practice as a sole proprietorship, as the Defendants assert. Until 2014, the Krauser PA operated the practice.[2] Then, in 2014, the Florida limited liability company, Jack T. Krauser, D.M.D., PLLC (the "Krauser PLLC"), took over all operations of the practice.

5.     To that end, Dr. Krauser's personal tax returns for the years 2011 and 2012 (and perhaps other years), which reflect a personal business loss from the operation of the dental practice as a sole proprietorship, are incorrect. As such, Dr. Krauser will be discussing those returns with his accountant and, most likely, will be filing amended tax returns for those (and perhaps other) years.

6.     Moreover, while Dr. Krauser stated he does not have any income tax returns for "any entity in which [he] has had any type of interest or affiliation" – because neither the Krauser PA nor the Krauser PLLC filed any tax returns for the years 2010-2013 – it now appears the Krauser PA may have to file returns for those (and perhaps other) years.

---

[1] The Defendants (and their predecessors) have long been aware of this fact. Dr. Krauser's poor record-keeping is precisely why he bargained for the Defendants, themselves, to "keep adequate records and books of accounts" under their May and October 1996 Agreements.

[2] While the Krauser PA had been administratively dissolved at one point for failure to file an annual report, it was effectively reinstated on April 23, 2014. "When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred." *Fla. Stat.* § 607.1422(3).

7.	With regard to Dr. Krauser's real property, he searched for the deeds to all six parcels of real property he owns, but only found two of them for the properties located in Palm Beach County, Florida.  He did not find the deeds for the other four out-of-state properties.  However, copies of those deeds are, in fact, publicly available, and the Defendants can obtain them just as easily as Dr. Krauser could.

8.	With regard to Dr. Krauser's financial statements and loan applications, the Defendants are probably right – his two automobile leases "would undoubtedly have required financial statements or applications."  However, Dr. Krauser is quite certain he never maintained copies of any such documents, if, in fact, he ever brought them home.  Nevertheless, Dr. Krauser searched for them, to no avail.

9.	With regard to the loans Dr. Krauser received from his parents, here is how it worked.  Since 2005, Dr. Krauser's mother has managed both his personal and business finances and has had full signing authority on (but not ownership of) all individual and business bank accounts.  In due course, Dr. Krauser would provide his mother with all bills, in two stacks, one for personal bills and one for business bills.  She then paid all personal expenses (such as his home's electric bill, phone bill, *etc.*) out his individual bank accounts, Wells Fargo accounts nos. XXXXXX1831 and XXXXXX7927, and paid all business expenses (such as the office's dental supplies, staff salaries, *etc.*) out of the Krauser PA's business bank account, Wells Fargo account no. XXXXXX6155. Since Dr. Krauser ran out of expendable money a long time ago (largely as a result of the significant time and money he has spent on this litigation and appeal), oftentimes his individual account and/or the business account would need replenishment to meet necessary expenses.  In those instances, Dr. Krauser's mother would simply deposit funds into the appropriate account and mark it as a loan.  For example, if Dr. Krauser needed money to pay his

home's mortgage, Mrs. Krauser would deposit funds into his individual account. Conversely, if the Krauser PA needed money to make payroll, Mrs. Krauser would deposit funds into the business account. In total, she (and her husband) loaned Dr. Krauser or the Krauser PA the sum of approximately $342,000 in 2012 and the sum of at least $150,000 in 2013. When Dr. Krauser eventually files his amended tax returns and the Krauser PA files its tax returns, those returns will properly reflect the breakdown of all such loans and repayments. In any event, Dr. Krauser does not have any documents, other than the tax returns he already produced, that might relate to those loans.

10. With regard to financial account statements, the *only* account for which Dr. Krauser has any statements at all is his money market account at West Park Capital. Dr. Krauser attached his last three monthly statements to his Form 1.977. He also objected to the Defendants' request for copies of statements from his individual retirement accounts and annuities, since IRAs and annuities are clearly exempt from post-judgment collection. If the Defendants just want to confirm his IRAs and annuities are, in fact, exempt (which they are) and he has not made any fraudulent transfers into those accounts (which he has not), they should limit their request accordingly.

11. With regard to personal property with a value over $1,000, Dr. Krauser does not have a single receipt for any such item. He does not keep receipts. Moreover, he does not believe any item in his home is actually worth more than $1,000. As for dental equipment and office equipment, the Krauser PA or Krauser PLLC has always owned all such equipment.

12. With regard to charitable gifts and contributions, Dr. Krauser gives all such records, if any, to his accountant. Dr. Krauser does not have any such records.

4

13. With regard to corporate books and records, Dr. Krauser would agree with the Defendants that he "should" have more corporate files for the Krauser PA and the Krauser PLLC, and that stock certificates, minutes and financial records for those entities "must" exist. However, Dr. Krauser does not have those corporate files and does not know who does.

14. With regard to insurance policies, Dr. Krauser does not believe he is the *owner* of any insurance policy, rather than the insured or beneficiary of any such policy. Regardless, Dr. Krauser is continuing to search his records to determine what policies might exist and whether he is the owner of any such policy.

15. With regard to lawsuits and arbitrations, Dr. Krauser did the best he could. He does not have any documents at all from any action except the instant case and related case, including appeals.

16. As for Dr. Krauser's interrogatory answers, Dr. Krauser answered each and every interrogatory to the best of his knowledge and belief. It appears the Defendants are just giving him a hard time and, in the process, wasting attorney and judicial resources. For example, except for the Krauser PA and Krauser PLLC, Dr. Krauser did, in fact, "indicate the reason for [his] income," *i.e.*, "book royalties" and "lecturing" in his answer to interrogatory no. 1. As for the Krauser PA and Krauser PLLC, the reason for his income from those entities could not be more evident from almost every document in this case – dental services! As another example, while Dr. Krauser admittedly failed to provide his wife's last name, rather than going through motion practice, couldn't the Defendants have simply looked it up on Palm Beach County's public records? It took the undersigned under two minutes to find Dr. Krauser's marriage certificate online. It is recorded at Official Records Book 23315, Page 1158.

17. All in all, Dr. Krauser has produced all responsive documents in his possession, custody or control and has fully answered all interrogatories to best of his knowledge and belief. He cannot be compelled to produce what he does not have or answer what he does not know.

18. Accordingly, the Defendants' Motion to Compel should be denied in its entirety.

Date: June 12, 2014

Respectfully submitted,

SHAPIRO, FISHMAN & GACHÉ, LLP
*Attorneys for the Plaintiff*
2424 North Federal Highway, Suite 360
Boca Raton, FL  33431
561-287-5599 (phone)
561-287-5589 (fax)

By: /s/  Scott A. Simon, Esq.
    Ronald M. Gaché, Esq.
    Florida Bar No. 699306
    rgache@logs.com
    Scott A. Simon, Esq.
    Florida Bar No. 0088676
    ssimon@logs.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by either electronic delivery or U.S. mail on all counsel or parties of record on the following service list on June 12, 2014.

By: /s/  Scott A. Simon, Esq.
    Scott A. Simon, Esq.

## SERVICE LIST
## Case No. 10-CV-80454-MARRA/HOPKINS

**Gary A. Woodfield, Esq.**
gwoodfield@haileshaw.com
HAILE, SHAW & PFAFFENBERGER
*Attorneys for the Defendants*
660 U.S. Highway One, Third Floor
North Palm Beach, FL  33408
561-627-8100 (phone)
561-622-7603 (fax)

**Richard Gervase, Esq.**
rgervase@mintz.com
**Seth Goldman, Esq.**
srgoldman@mintz.com
**Timur E. Slonim, Esq.**
tslonim@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO
*Attorneys for the Defendants*
666 Third Avenue
New York, NY  10017
212-935-3000 (phone)

**Christopher Neil Sipes, Esq.**
csipes@cov.com
**Michael N. Kennedy, Esq.**
mkennedy@cov.com
**Joseph Scott St. John, Esq.**
sstjohn@cov.com
COVINGTON & BURLING LLP
*Attorneys for the Defendants*
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-662-6000 (phone)