UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach)

Case No. 10-CV-80454-MARRA/HOPKINS

JACK T. KRAUSER, D.M.D., an individual,

    Plaintiff,

v.

BIOHORIZONS, INC., a Delaware corporation,
BIOLOK INTERNATIONAL, INC., a Delaware
corporation, and BIOHORIZONS IMPLANT
SYSTEMS, INC., a Delaware corporation,

    Defendants.
_____/

**PLAINTIFF'S AND PLAINTIFF'S ATTORNEYS' RESPONSE TO DEFENDANTS' MEMORANDUM IN SUPPORT OF AWARD OF ATTORNEY FEES INCURRED IN REFERENCE TO THEIR MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS AND ANSWER INTERROGATORIES**

The Plaintiff, Jack T. Krauser, D.M.D. ("Dr. Krauser"), and his undersigned attorneys, Shapiro, Fishman & Gaché, LLP ("SFG"), hereby file their response to the Defendants', BioHorizons, Inc., BioLok International, Inc. and BioHorizons Implant Systems, Inc. (collectively, the "Defendants"), Memorandum in Support of Award of Attorney Fees Incurred in Reference to their Motion to Compel Plaintiff to Produce Documents and Answer Interrogatories (the "Memo for Fees") (DE 358), and state:

1. On June 9, 2014, the Defendants filed their Motion to Compel Plaintiff to Produce Documents and Answer Interrogatories (the "Motion to Compel") (DE 340).

2. In the last paragraph of their Motion to Compel, the Defendants included the following prayer for relief: "WHEREFORE, Defendants request that Plaintiff be required to provide all documents requested and to answer all questions asked. Defendants further request

the attorney fees incurred in bringing this motion pursuant, *inter alia*, to Florida Statute § 57.115." (DE 340, p. 17).

3. Other than that single reference, the Defendants did not request, or even mention, the recovery of attorney fees anywhere else in their Motion to Compel. Nor did the Defendants request or mention the recovery of attorney fees in their other Motion to Compel Plaintiff to Comply with Order Requiring Completion of Form 1.977 (the "Motion re Form 1.977") (DE 314) or file a separate motion requesting the recovery of attorney fees.

4. Thus, at this point, the Defendants' entire request for the recovery of attorney fees rests solely on their general request under Florida Statutes § 57.115 for an award of fees against Dr. Krauser, which they included in the very last sentence of their Motion to Compel.

5. Yet, the Defendants, in their Memo for Fees, cite not only to Florida Statutes § 57.115, but also to Florida Rule of Civil Procedure 1.380, Federal Rule of Civil Procedure 26 and Federal Rule of Civil Procedure 37 in support of their request for a fee award. Moreover, they appear to request fees for not only their Motion to Compel, but also their Motion re Form 1.977 and their Response (DE 341) to Dr. Krauser's Motion for Protective Order (DE 336), neither of which included any request for fees at all. (DE 358, p. 9, fn 4). And, to top it off, the Defendants, *for the first time*, are requesting that the court enter a fee award against not only Dr. Krauser, but also his attorneys, SFG.[1]

6. In fact, at the conclusion of the omnibus hearing on the Defendants' Motion to Compel, the Defendants' Motion re Form 1.977 and Dr. Krauser's Motion for Protective Order

---

[1] Tellingly, the only authority the Defendants cited in their Motion to Compel to support an award of fees, Florida Statutes § 57.115, does *not* provide for fees against counsel: "The court may award *against a judgment debtor* reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment." [emphasis added]

2

on June 13, 2014, Magistrate Judge James M. Hopkins specifically restricted the Defendants' request for fees to only those fees they actually incurred on their Motion to Compel and then only against Dr. Krauser.  At no point at the hearing (or at any other time prior to their filing of their Memo for Fees) did the Defendants ever request the recovery of fees against SFG.

7. To that end, promptly after the hearing on June 13, 2014, the court entered the following three (3) endorsed orders:

> Document Number:  351 (No document attached)
> ORDER granting [314] Defendant's Motion to Compel better responses from Plaintiff on Form 1.977, pursuant to the Court's ruling from the bench during the 6/13/14 hearing.  Signed by Magistrate Judge James M. Hopkins on 6/13/2014.  (hky)
>
> Document Number:  352 (No document attached)
> ORDER denying [336] Plaintiff's Motion for a Protective Order as to discovery regarding his two personal Wells Fargo Bank accounts, as set forth in the Court's bench ruling during the 6/13/14 hearing.  Signed by Magistrate Judge James M. Hopkins on 6/13/2014.  (hky)
>
> Document Number:  353 (No document attached)
> ORDER granting [340] Defendant's Motion to Compel Plaintiff to provide better responses to Defendant's Requests for Production and Interrogatories, in accordance with the specific rulings rendered by the Court during the 6/13/14 hearing.  ***The Court defers ruling on Defendant's request for attorney's fees in connection with this motion***.  *The parties shall abide by the briefing schedule ordered by the Court during the hearing.*  Signed by Magistrate Judge James M. Hopkins on 6/13/2014.  (hky)

[emphasis added]

8. At the time the court entered the foregoing endorsed order (DE 353) on June 13, 2014, the Defendants' *only* pending "request for attorneys' fees in connection with [its Motion to Compel]" was its request for fees *against Dr. Krauser*.  Nevertheless, despite the court's clear direction for briefing on that one particular request, the Defendants have taken the liberty of filing their 11-page Memo for Fees wherein they seek, without any authority to do so, fees in

3

connection with their Motion re Form 1.977 (DE 314), fees in connection with Dr. Krauser's Motion for Protective Order (DE 336) and fees against SFG, as Dr. Krauser's attorneys, all without making any prior request for same.

9.  Accordingly, Dr. Krauser and SFG hereby request that the court strike all of the Defendants' requests and arguments outside the specific parameters of the court's direction, *i.e.*, all requests for fees *except* their request for fees on their Motion to Compel against Dr. Krauser.

10.  In the event the court believes it should now consider the Defendants' other requests contained in their Memo for Fees, Dr. Krauser and SFG would request fourteen (14) days from the date of entry of an order adopting such requests to conduct the necessary legal research to address the Defendants' arguments supporting those extraneous requests and to draft an appropriate response thereto.[2]

11.  However, absent court authority for the Defendants to make such requests, Dr. Krauser and his attorneys would seek to avoid the unnecessary expenditure of additional attorney fees he would have to incur in the preparation of that response.

12.  That all said, Dr. Krauser, himself, in an attempt to further limit his attorney fees over this matter, does not oppose the Defendants' entitlement to the recovery of their attorney fees incurred in connection with their Motion to Compel.[3]

WHEREFORE, Dr. Krauser and SFG respectfully request that the court (a) strike the Defendants' request for fees in connection with their Motion re Form 1.977, (b) strike the

---

[2] This court's Local Rule 7.1(c) provides each party opposing a motion with fourteen (14) days within which to serve its opposing memorandum of law, plus an additional three (3) days if the motion was served by mail or filed via CM/ECF.

[3] Dr. Krauser would, however, oppose any potential request for the recovery of fees in connection with the Defendants' Memo for Fees, since the bulk of that Memo for Fees contains unauthorized requests and arguments, as set forth herein.

Defendants' request for fees in connection with their Response to Dr. Krauser's Motion for Protective Order, (c) strike the Defendants' request for fees against SFG, (d) grant, if it is so inclined, without opposition, the Defendants' request for fees against Dr. Krauser in connection with their Motion to Compel, as to entitlement, and (e) grant such other and further relief as the court deems just and proper.

Date:   June 27, 2014

Respectfully submitted,

SHAPIRO, FISHMAN & GACHÉ, LLP
*Attorneys for the Plaintiff*
2424 North Federal Highway, Suite 360
Boca Raton, FL  33431
561-287-5599 (phone)
561-287-5589 (fax)

By: /s/ Scott A. Simon, Esq.
Ronald M. Gaché, Esq.
Florida Bar No. 699306
rgache@logs.com
Scott A. Simon, Esq.
Florida Bar No. 0088676
ssimon@logs.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by either electronic delivery or U.S. mail on all counsel or parties of record on the following service list on June 27, 2014.

By: /s/ Scott A. Simon, Esq.
Scott A. Simon, Esq.

## SERVICE LIST
## Case No. 10-CV-80454-MARRA/HOPKINS

**Gary A. Woodfield, Esq.**
gwoodfield@haileshaw.com
HAILE, SHAW & PFAFFENBERGER
*Attorneys for the Defendants*
660 U.S. Highway One, Third Floor
North Palm Beach, FL  33408
561-627-8100 (phone)
561-622-7603 (fax)

**Richard Gervase, Esq.**
rgervase@mintz.com
**Seth Goldman, Esq.**
srgoldman@mintz.com
**Timur E. Slonim, Esq.**
tslonim@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO
*Attorneys for the Defendants*
666 Third Avenue
New York, NY  10017
212-935-3000 (phone)

**Christopher Neil Sipes, Esq.**
csipes@cov.com
**Michael N. Kennedy, Esq.**
mkennedy@cov.com
**Joseph Scott St. John, Esq.**
sstjohn@cov.com
COVINGTON & BURLING LLP
*Attorneys for the Defendants*
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-662-6000 (phone)